**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAFAEL VASQUEZ, | Civil No. 14-5297 (NLH) |
| Petitioner, | |
| v. | **OPINION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**APPEARANCES:**

>RAFAEL VASQUEZ, #41776-050
>FCI Schuylkill
>P.O. Box 759
>Minersville, PA 17954-0759
>Petitioner *Pro Se*
>
>ROBERT STEPHEN STIGALL, Assistant U.S. Attorney
>PAUL J. FISHMAN, United States Attorney
>P.O. Box 2098
>Camden, NJ 08101
>Attorneys for United States of America

**HILLMAN, District Judge:**

Rafael Vasquez filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence of 135 months in prison, entered in this Court on June 20, 2012, and reduced on January 14, 2015, to a 108-month term of imprisonment, in *United States v. Vasquez,* Crim. No. 10-0729 (NLH) order (D.N.J. Jan.

1

14, 2015), after he pled guilty pursuant to a plea agreement to
conspiracy to possess with intent to distribute crystal
methamphetamine and dealing in firearms without a federal
firearms license.  Vasquez challenges his guilty plea on the
ground that it was not knowing and voluntary and he claims that
defense counsel was constitutionally ineffective in failing to
meet with him for more than 30 minutes and to use a Spanish
language interpreter during the plea process, and falsely
informing this Court that simultaneous translation at the plea
hearing was not necessary.

The United States filed an Answer arguing that the record
refutes the assertion that Vasquez needed a Spanish interpreter
to understand the plea agreement and the consequences of
pleading guilty, and that Vasquez was not deprived of his Sixth
Amendment right to the effective assistance of plea counsel.
This Court agrees.  For the reasons fully expressed below, the
Court will deny the § 2255 motion and decline to issue a
certificate of appealability.

## I.  BACKGROUND

On December 12, 2009, the United States filed a criminal
complaint charging Vasquez with conspiracy to distribute and
possession with intent to distribute 50 grams or more of

methamphetamine, engaging in the business of dealing in firearms without a license, and possession of an automatic weapon.  A warrant for his arrest issued on December 3, 2009, and officials arrested Vasquez on December 4, 2009.

By motion signed September 9, 2010, Vasquez filed a pro se motion for relief of counsel and appointment of new counsel.  In the motion, Vasquez stated:

> Comes now the Defendant/Petitioner, Rafael Vasquez moving for the immediate dismissal of current counsel on the basis of mis-interpreting of facts which have caused for the petitioner to lack confidence (trust) in the present representation of federal Public Defender Mr. Christopher [O']Malley who has also been with-holding services from the Defendant as well.
>
> 1.  As mandated by the right of Due Process, the Petitioner is entitled to be fully informed of the magnitude of the evidence which may or may not exist so as to consider his legal position.  However[,] to date there has been nothing meaningful forthcoming from the aforementioned counsel[.  T]herefore the Petitioner has a total lack of confidence in going to trial with appointed counselor['s] representation.
> 2.  The Petitioner humbly requests that new counsel be duly appointed and that this Court recognize that there is now a definite conflict of interest with the federal Public Defender['s] Office.

*United States v. Vasquez,* Crim. No. 10-0729 (NLH) motion (D.N.J. Sept. 20, 2010) (ECF No. 15).

Magistrate Judge Karen M. Williams heard argument on the motion on October 8, 2010.  Mr. O'Malley informed Judge Williams of Vasquez's intention to withdraw the motion and Judge Williams

asked Mr. Vasquez if he agreed to withdraw the motion and to continue to be represented by Mr. O'Malley; Vasquez responded "Yes" and Judge Williams determined that the motion had been withdrawn. *United States v. Vasquez,* Crim. No. 10-0729 (NLH) transcript (D.N.J. (Oct. 8, 2010) (ECF No. 117.)

A grand jury returned an indictment on October 27, 2010, charging Vasquez and three others with conspiracy to distribute and possess with intent to distribute 50 grams or more of crystal methamphetamine (count one); charging Vasquez alone with distribution and possession with intent to distribute cocaine and methamphetamine (counts two, three, four), engaging in the business of dealing in firearms without a license (count five), unlawful possession of an automatic machine gun (count six); and charging a co-defendant with possession with intent to distribute methamphetamine (count seven).

The arraignment took place on November 15, 2010. Vasquez was represented by Christopher O'Malley, Federal Public Defender. After the Spanish interpreter Raymond McConnie was sworn in, this Court asked Mr. O'Malley to speak with his client and to inform the Court whether or not Vasquez was receiving the audio translation and could hear the proceedings. Mr. O'Malley responded that Vasquez "has been offered audio [but] he's

4

confident to proceed in English." (ECF No. 13-5 at 4.) This
Court asked counsel directly if Vasquez was "able to hear and
understand [the Court] in English?" *Id.* When Mr. O'Malley
responded "Yes," the Court asked if he had confirmed that with
Mr. Vasquez. Mr. O'Malley responded "Yes, and the interpreter
also offered the services." *Id.* The proceeding continued and,
on behalf of Mr. Vasquez, Mr. O'Malley informed the Court that
Vasquez waived the formal reading of the indictment and was
pleading not guilty.

On April 11, 2011, Vasquez waived prosecution by
indictment; the United States filed a superseding information
charging Vasquez with conspiracy to distribute and possess with
intent to distribute five grams or more of crystal
methamphetamine (count one) and engaging in the business of
dealing in firearms without a license (count two); and Vasquez
filed an application for permission to enter a plea of guilty to
the two counts in the superseding information pursuant to a plea
agreement which was also filed.

The plea agreement provided that, if Vasquez entered a
guilty plea to the two counts in the superseding information and
fully complied with the agreement, then the United States
Attorney for the District of New Jersey would not initiate

5

further criminal charges for conspiring to distribute methamphetamine and cocaine, distributing those drugs between February 2009 and December 3, 2009, and for illegal possession and transfer of firearms between February 2009 and December 3, 2009.  The plea agreement further provided that, in the event that the judgment of conviction entered as a result of the plea agreement did not remain in force and effect, Vasquez agreed that any dismissed charges and other charges may be commenced against him, provided the charges were not time barred on the date he signed the plea agreement.

The plea agreement also stated that the drug charge in count one of the superseding information carried a statutory maximum sentence of 40 years and a mandatory minimum sentence of five years, the gun dealing charge carried a maximum five-year sentence, and that the sentence to be imposed on each count was within the discretion of the sentencing judge, subject to the Sentencing Reform Act and consideration of the United States Sentencing Guidelines.

Finally, Vasquez stipulated that, if the sentence fell within or below the Sentencing Guidelines range resulting from a total offense level of 29, he agreed to voluntarily waive the right to file an appeal or a motion under § 2255 challenging the

6

sentence.  The Government agreed not to appeal or challenge the
sentence if it fell within or above the guidelines range
resulting from a total offense level of 29.  However, both
parties reserved any right they may have under 18 U.S.C. § 3742
to appeal the sentencing court's determination of the criminal
history category.

The transcript of the plea hearing on April 11, 2011, shows
that at the outset this Court stated:  "Before we get much
further we've obtained the services of an interpreter, but I'm
led to believe that that may not be necessary or not completely
necessary."  (ECF No. 13-6 at 2.)  In response, Mr. O'Malley
stated:  "My opinion is, Your Honor, your insight is correct.
My client and I have communicated extremely well in English with
absolutely no barrier from my understanding and feedback from my
client to require an interpreter.  Nonetheless, we have one here
and available, and if any terms or difficulties that Mr. Vasquez
may find trying in today's matter, that I'm happy to have the
interpreter sworn in."
(ECF No. 13-6 at 3.)

Lois Weaver, certified interpreter, was sworn and then
Vasquez was sworn.  This Court informed Mr. Vasquez that an
interpreter was present and available for him, if needed.  (ECF

7

No. 13-6 at 10.)  The Court proceeded:  "If at any time you don't understand something I'm saying, or if you want any of the documents interpreted, or anything anyone else says is not clear to you and you want to break to discuss it with Mr. O'Malley and the interpreter, just let me know." (ECF No. 13-6 at 10.)  After Vasquez testified that he had completed the ninth grade in Mexico and that his education was provided in Spanish, this Court asked him how he learned the English language.  Vasquez responded that he learned English by helping his kids with homework and watching television and that he also learned English through interacting with English speakers during the 21 years he lived in the United States.

When asked if he could read English, Vasquez responded, "Most of it, yes."  (ECF No. 13-6 at 11.)  The Court asked Vasquez if he had been able to read, review, and agree to the terms of the documents in the English language and Vasquez responded "Yes."  *Id.* at 11-12.  The Court responded:  "Again, if at any point those documents are unclear to you just ask for a break and we'll go back over them with an interpreter so that it's clear you understood them," and Vasquez stated, "Right." *Id.* at 12.  Then the Court asked Vasquez to explain in his own words what he thought would happen.  Vasquez testified:  "I came

8

to plead guilty for the crime I commit." *Id.* When the Court asked Vasquez if he had had sufficient time to discuss the matter with Mr. O'Malley and if he was satisfied with O'Malley's representation, Vasquez responded, "Yes." *Id.* at 13.

This Court observed that "Mr. Vasquez understands the nature of the proceedings here, today, and [is] competent to proceed." *Id.* at 13. The Court then asked Mr. Vasquez whether he desired to waive the indictment and whether he discussed the waiver form with Mr. O'Malley, and Vasquez responded "Yes." Vasquez agreed that he had no questions about the waiver and that he wished to waive indictment. The Court found that "Mr. Vasquez understands his right to Indictment and knowingly, voluntarily, and intelligently waives such right." (ECF No. 13-6 at 15.) In response to the Court's question as to how he wished to plead to the two charges in the information, Vasquez answered, "Guilty" as to both counts. *Id.* at 16.

The Assistant United States Attorney summarized the plea agreement and stipulations. Vasquez responded affirmatively in response to the Court's question as to whether he signed the plea agreement, discussed the plea agreement with Mr. O'Malley, and understood the plea agreement. *Id.* at 30. The Court recited the maximum statutory penalties for each count in the

9

information, explained that the Court would take the Sentencing Guidelines into consideration, including his criminal history, and explained that neither Mr. O'Malley nor the Court could know precisely what sentencing range applied until a Presentence Report was completed.  Vasquez stated that he understood.  The Court then outlined the elements of each count and Vasquez stated that he understood.  *Id.* 43-44.  The Court reviewed the application for permission to enter a plea of guilty in English and Mr. Vasquez stated that he understood the plea agreement and that he had signed the document after reading it and filling it out with Mr. O'Malley.  *Id.* at 50.  This Court concluded:

> It's my finding that Mr. Vasquez if fully competent, capable of entering an informed plea, aware of the nature of the charges, the consequences of the plea, that the plea is supported by an independent basis in fact containing each of the essential elements of the offense.  The plea is therefore accepted, and the defendant adjudged guilty and I'll set sentencing for July 28th, 2011, at 11 a.m.

(ECF No. 13-6 at 51.)

Sentencing occurred before this Court on June 12, 2012. The Court interpreter, Irene Gosnear, informed the Court that Mr. Vasquez told her that he did not need her to interpret but he wanted her to stay.  After the Court informed Mr. Vasquez that there were disputed sentencing issues and that it was important that he understand the proceedings and that he have a

10

full and fair opportunity to discuss the issues with counsel as
needed, the following colloquy occurred:

> The Court:  I take it from your discussions with Mr.
> O'Malley and with the interpreter and with me that you
> do not object to these proceedings going forward
> entirely in English.  Is that true?

> The Defendant:  Yes.

> The Court:  All right.  There is an interpreter here
> who is qualified in Spanish language who is available
> to speak to you to provide simultaneous translation,
> if you want it, or to be available in what we'll call
> a standby capacity, that is, that if at any point you
> feel that you do not understand the proceedings in
> English, you can simply signal to Mr. O'Malley or to
> the Court, for that matter, that you'd like to go back
> over something in Spanish, and then we will then use
> the services of the interpreter at that time.  I take
> it you would prefer the second option or the latter
> proposal, that is, standby interpreter, as needed,
> based on any request that you might make for those
> services.  Is that your preference?

> The Defendant:  Yes.

> The Court:  Do you understand that we could provide
> simultaneous translation if you wanted it?

> The Defendant:  Yes.

> The Court:  And you're willing to forego that?

> The Defendant:  Yeah.

> The Court:  All right.  Just signal through Mr.
> O'Malley or directly to the Court that you wish to
> have matters translated for you, either any oral
> statements or written matters at any time, and we will
> go back over it.  All right?

> The Defendant:  (Nods head.)

11

(ECF No. 13-7 at 4-5.)

The argument continued for 47 pages of transcript, and Mr. Vasquez did not ask the interpreter to translate.  After the Court determined that a sentencing range of 135 to 168 months applied, the Court asked Mr. Vasquez if he wished to address the Court, and Vasquez responded:

> Yes.  I want to apologize to the United States of America, to my family, my wife, especially my children.  And I'm sorry I make this bad choice.  And we all already suffer a lot.  I lost my mother.  They lost their grandfather.  And I ask Your Honor to give me a second chance to be there, to provide for my family.  And I also want to apologize for the people that I hurt directly and indirectly.  And the time that I spend here, it make me think, make me realize that the bad choices, they – they harm your future, not only yours, the whole family.  And I'm sorry. That's all, Your Honor.

(ECF No. 13-7 at 52-53.)

This Court sentenced Vasquez to 135 months on count one, a concurrent 60-month term on count two, and five years of supervised release.

Vasquez appealed the sentence, arguing that this Court erred by imposing a two level enhancement for possession of a dangerous weapon in connection with the drug distribution

12

conspiracy under U.S. Sentencing Guideline Manual § 2D1.1(b)(1).[1]
The Third Circuit affirmed on March 15, 2013.  *See United States
v. Vasquez,* 515 F. App'x 104, 106 (3d Cir. 2013)("We do not need
to determine whether the two-level enhancement was properly
applied because, even if the District Court erred in in applying
the enhancement, that error was harmless," as "the sentencing
judge would have imposed the same sentence under a correct
Guidelines range[.]") (citation and internal quotation marks
omitted).  The Supreme Court denied certiorari on October 7,
2013.  *See Vasquez v. United States,* 134 S.Ct. 217 (2013).  On
January 14, 2015, this Court granted a joint motion to reduce
Vasquez's 135-month sentence to 108 months in prison, pursuant
to 18 U.S.C. § 3582(c)(2).

On August 21, 2014, Vasquez signed and placed in the prison
mail system his motion to vacate under 28 U.S.C. § 2255.  The
motion raises two grounds:

Ground One:  DUE PROCESS OF LAW, 5TH AMENDMENT E[TC].

Supporting Facts:  I am a Mexican citizen.  I have and
had a clear language b[a]rrier with my court appointed
Attorney Mr. Christopher O'Malley, and I did try to

---

[1] The appeal was permitted by the plea agreement because the 135-
month sentence was greater than the guideline range applicable for
an offense level of 29.

fire him <u>see court docket</u>.  I did not understand the
PLEA AGREEMENT nor did I plead Guilty with the
understanding of what I was doing.  My Attorney spent
less th[an] :30 Min[u]t[e]s TOTAL on the plea
barg[ai]n, i.e. PLEA AGREEMENT.  I was denied a right
to a fair hearing as no <u>INTERPRETER</u> was appointed, nor
was I given a Spanish speaking Attorney nor an
application of USC 28 § 1827 put in to place by the
court or the P.D.'s Office.

<u>FACT:  I did not enter in to the PLEA AGREEMENT or the</u>
<u>GUILTY PLEA knowing what I was doing and the appointed</u>
<u>Attorney Knew this and the court should [have]</u>
<u>know[n]</u>.

Ground Two:  INEFFECTIVE ASSISTANCE OF COUNSEL 5th &
6th AME. VIOL.

Supporting Facts:  Same as ground one.  Mr. O'Malley
knew that I did not fully understand the PLE[A]
AGREEMENT and that I could not enter in to a Guilty
plea when He knew that I did not understand[.]  He
lied to me and the Judge he knew that I did not
understand and he lied to the court and told them that
I did wh[en] in fact I did not.

My guilty plea was not voluntarily given nor was the
plea agreement entered in to vo[l]untar[i]ly as my
Attorney was willfully ineffective and down right
dec[e]ived the court.  I tr[i]ed to fire him and this
[is] in the record he as[s]ured me that he would get
an interpreter for me he did not.  [H]e as[s]ured me
that this was the best "deal' i.e. plea agreement that
I could get, THIS WAS NOT THE CASE AT ALL!!! I got
more time.

 (ECF No. 1 at 3, 11.)

     On October 13, 2015, the Government filed an Answer,

arguing that the motion should be denied. (ECF No. 13.)

## II.  DISCUSSION

A.  Jurisdiction

Section 2255 of Title 28 of the United States Code provides:  "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a). Because Vasquez was incarcerated when he filed the § 2255 motion in 2014, he satisfies the "in custody" jurisdictional requirement of § 2255.  *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).  An evidentiary hearing is not required under § 2255 where "the files and records of the case conclusively show that the prisoner is entitled to no relief."  *United States v. Padilla-Castro,* 426 F. App'x 60, 63 (3d Cir. 2011) (quoting 28 U.S.C. § 2255(b)); *accord United States v. Day*, 969 F.2d 39, 41- 42 (3d Cir. 1992).

B.  Validity of Guilty Plea

Vasquez asserts in Ground One that his guilty plea was not knowing and voluntary because he did not understand the plea and

15

its consequences since his primary language is Spanish, counsel did not use an interpreter to explain the plea agreement and its consequences to him, and the interpreter did not provide simultaneous translation at the plea hearing.

When a defendant enters a plea of guilty, he waives the Fifth Amendment privilege against compulsory self-incrimination, and the Sixth Amendment rights to trial by jury and to confront one's accusers. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969).  A court "cannot presume a waiver of these three important federal rights from a silent record." *Id.*  Due process requires that a guilty plea is "voluntary" and that the defendant's waiver of his constitutional rights is "knowing, intelligent, [and] with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970).

"[B]ecause a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *Boykin*, 395 U.S. at 243 n.5 (citation and internal quotation marks omitted).  To ensure that a plea is knowing and voluntary, a district court must advise a defendant of the consequences of the plea and determine that the

16

defendant understands them.  *See United States v. Schweitzer*, 454 F.3d 197, 202-203 (3d Cir. 2006) (citing *Boykin* and Rule 11, Federal Rules of Criminal Procedure).  "An adequate understanding of the English language is a threshold requirement for a voluntary plea." *United States v. Perez*, 918 F.2d 488, 490 (5th Cir. 1990).[2]

In assessing the validity of a guilty plea, a court must keep in mind that

> the representations of the defendant, his lawyer, and the prosecutor at such a hearing . . , constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity.  The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

_____

[2] The Court Interpreters Act requires a District Judge to utilize an interpreter if the defendant "speaks only or primarily a language other than the English language . . . so as to inhibit such party's comprehension of the proceedings or communication with counsel or the presiding judicial officer."  28 U.S.C. § 1827(d)(1).  Once the Court is on notice that a defendant's understanding of the proceedings may be inhibited by his limited proficiency in English, it has a duty to inquire whether he needs an interpreter.  *See Ramos-Martinez v. United States*, 638 F.3d 315, 325 (1st Cir. 2011).

In this case, Mr. Vasquez indicated at the arraignment, the plea hearing and sentencing that he was able to understand and communicate in English without the need for the interpreter.  An interpreter was present and available to simultaneously translate each proceeding and, although given ample opportunities, Vasquez did not indicate that he needed the interpreter to translate the proceeding or the plea agreement. During the change of plea hearing, this Court verified that Mr. Vasquez understood the charges, had read the information, and had consulted with counsel.  The Court asked several questions to evaluate Mr. Vasquez's understanding of the plea agreement and its consequences; Vasquez answered each question in English and this Court found that he had knowingly and voluntarily elected to enter a guilty plea.

Mr. Vasquez now asserts that he did not understand the plea agreement and its consequences because the agreement and the plea hearing were in English and his attorney did not use an interpreter to explain the plea agreement to him.  But these arguments conflict with statements he made at the plea hearing. This Court's questions and Mr. Vasquez's responses in English show that he understood the plea and its consequences.  Based on the statements of Mr. Vasquez during the plea hearing, as well

18

as the sentencing hearing, this Court concludes that his guilty plea was made knowingly and voluntarily in English.  *See United States v. Sanchez-Leon*, 764 F.3d 1248, 1260-61 (10th Cir. 2014). Because the "files and records of the case conclusively show that [Mr. Vasquez] is entitled to no relief" on his challenge to his guilty plea, the Court will deny relief on Ground One without an evidentiary hearing.  28 U.S.C. § 2255(b).

C.   Ineffective Assistance of Counsel

In Ground Two Vasquez asserts that his guilty plea is invalid because his attorney took only 30 minutes to explain the plea agreement, failed to use an interpreter when he explained the plea agreement to Vasquez, and lied to the Court that simultaneous translation during the plea hearing was not necessary.

The Sixth Amendment guarantees the accused the "right . . . to have the Assistance of Counsel for his defense."  U.S. Const. amend. VI.  A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A defendant must "show that counsel's representation fell below an objective standard of reasonableness" *id.* at 687-88, and that "there is a reasonable

19

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694 (citations omitted).

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Supreme Court held that *Strickland v. Washington* applied to challenges based on ineffective assistance of counsel where the defendant pled guilty. *Id.* at 58. "Where, as here, a defendant is represented by counsel during the plea process . . , the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Id.* at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). To satisfy the "prejudice" requirement, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court held that Hill's allegations did not satisfy the prejudice requirement because Hill "did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial." *Hill*, 474 U.S. at 60.

In this case, Vasquez does not assert that he would have declined the plea agreement and would have insisted on going to

trial, but for counsel's deficient performance.  Because Vasquez does not assert that he would have insisted on going to trial but for counsel's allegedly deficient performance, he has failed to assert prejudice under the standard articulated by *Hill* and *Strickland*. *See Premo v. Moore*, 131 S.Ct. 733, 744 (2011) ("Thus, the question in the present case is not whether Moore was sure beyond a reasonable doubt that he would still be convicted if the extra confession were suppressed.  It is whether Moore established the reasonable probability that he would not have entered his plea but for his counsel's deficiency.")  This Court denies the § 2255 motion without an evidentiary hearing, as the motion and records in the underlying criminal case show conclusively that Vasquez is not entitled to relief on his ineffective assistance of counsel claims.[3] *See Cedeno v. United States*, 455 F. App'x 241, 245-246 (3d Cir. 2011) ("Cedeno has not established a reasonable probability that, had he known that the conspiracy charge was susceptible to a double jeopardy challenge, he would not have pleaded guilty to

---

[3] Because the record shows conclusively that Vasquez is not entitled to relief, it was not necessary for this Court to consider the affidavit of defense counsel filed with the Government's Answer.

one of the three remaining charges and would have insisted on going to trial."); *United States v. Peppers*, 273 F. App'x 155, 159 (3d Cir. 2008) (counsel was not constitutionally ineffective in the plea process where Peppers "made no contention that he would not have entered his plea and would have insisted on going to trial if his counsel had advised him that the [Armed Career Criminals Act] arguably may not have applied"); *Powell v. Meyers*, 214 F. App'x 197, 200 (3d Cir. 2007) (denying § 2254 petitioner's claim that plea counsel was constitutionally ineffective where petitioner did not assert that he would have insisted on going to trial had he known that it was legally impossible for his back-time sentence to be served concurrently).

D.   <u>Certificate of Appealability</u>

Because Vasquez has not made a substantial showing of the denial of a constitutional right, no certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(1)(B). *See* Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

### III.   CONCLUSION

This Court denies the § 2255 motion and denies a certificate of appealability.  An appropriate order accompanies this Opinion.

                                    s/Noel L. Hillman
                                    **NOEL L. HILLMAN, U.S.D.J.**

DATED:  April 28, 2016

At Camden, New Jersey

23